United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Group 10 Holdings, LLC, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 16-22152-Civ-Scola |
| Julian Ross, and others, | ) |
| Defendants. | ) |

**<u>Order Staying Case Upon Notice of Bankruptcy</u>**

The Defendants have notified the Court that Defendant Oxysure Systems, Inc. ("Oxysure") has filed for bankruptcy. (ECF No. 26.) The filing of the bankruptcy triggered an automatic stay of the case as to Oxysure by virtue of 11 U.S.C. § 362. The Court subsequently ordered the parties to inform the Court if and how the bankruptcy stay regarding Oxysure affected the pending motions in the case, which addressed all three Defendants jointly. (ECF No. 28.) The parties briefed the effect of the bankruptcy stay. (ECF Nos. 30-31, 37, 39.) For the reasons set forth below, the automatic stay applies to all three Defendants in this matter.

11 U.S.C. § 362(a)(1) automatically stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." Generally, the automatic stay of § 362 applies to the debtor, not the debtor's co-defendants. *In re Jefferson Cty.*, 491 B.R. 277, 284 (Bankr. N.D. Al. 2013) (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). However, the automatic stay applies to non-debtor co-defendants in unusual circumstances, such as when an indemnification relationship creates an identity of interest between the debtor and a non-debtor co-defendant. *Id.* (citations omitted); *see also In re Nat. Century Fin. Enter.'s, Inc.*, 423 F.3d 567 (6th Cir. 2005) (quoting *Licensing by Paolo, Inc. v. Sinatra (In re Guccci)*, 126 F.3d 380, 392 (2nd Cir. 1997) ("[A]n action taken against a nondebtor which would inevitably have an adverse impact upon the property of the estate must be barred by the automatic stay provision.").

Here, Defendants Julian Ross and Action Stock Transfer Corp. ("Action Stock") have indemnification agreements with Defendant Oxysure. (Def.'s Brief Regarding Automatic Stay Provision at 8-10, ECF No. 31.) The Plaintiff asserts

that the terms of the indemnification agreements state that Oxysure will not indemnify Defendant Ross if he is "adjudged guilty of willful misfeasance or malfeasance in the performance of his duties," and will not indemnify Defendant Action Stock if "it is determined" that Action Stock "acted with gross negligence or in bad faith." (Pl.'s Resp. at 3, ECF No. 37.) The Plaintiff asserts that since the Clerk has entered default against the Defendants, the Defendants have admitted the allegations in the Complaint and the indemnification agreements do not apply. (*Id.*) However, the entry of default against the Defendants is insufficient to establish that the indemnification agreements are invalid. To the contrary, the Defendants' briefs concerning the bankruptcy stay indicate that the Defendants believe that the indemnification agreements are valid.

Therefore, this matter is **stayed** by virtue of 11 U.S.C. § 362 until the conclusion of the bankruptcy action or until the bankruptcy court in that proceeding lifts or modifies the stay. Beginning August 3, 2017 and every 120 days thereafter, Defendants' counsel must file a status report with the Court, informing it of the progress of Oxysure's bankruptcy case. Should the bankruptcy court lift the automatic stay or should the proceeding involving Oxysure conclude, the Defendants must provide the Court with notice and a copy of the relevant order within **fourteen days** of its issuance.

The Court **directs** the Clerk of the Court to **administratively close** this matter during the pendency of the stay.

**Done and ordered** at Miami, Florida on April 5, 2017.

_____
Robert N. Scola, Jr.
United States District Judge